WILLIAM E. PERLIN

*vs.*

MAURICE E. ROSEN, AND TRUSTEES.

Cumberland.      Opinion, October 24, 1933.

*Harry E. Nixon,*
*Wilfred A. Hay,* for plaintiff.
*Franklin Fisher,* for defendant.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

Dunn, J. The initial issue between these parties was whether or not, on the twenty-eighth day of November, 1930, plaintiff delivered $1500 in cash to the defendant as a loan. The plea was the general issue; there was also an account in set-off. The jury found a verdict for the plaintiff, expressly determining concerning the set-off, that nothing was due the defendant. The award of damages to the plaintiff is $1611.12, an amount sufficient to include the original claim, with interest from the date of the writ.

At the trial numerous exceptions were taken and have been perfected. They go to the exclusion of evidence to show that certain moneys had, before the transaction in question, come to the possession of the plaintiff, in his capacity as one of the two administrators of the estate of Pauline Zimmerman, a person deceased, intestate; to refusals of the trial judge to give requested instructions, one being, in effect, that any possible indebtment of defendant to plaintiff was of the sum of $274.63 only; and to the judge's refusal, at the start of the case, again during its progress, and still again at the conclusion of all the evidence, to order the action to an auditor.

Upon affirmation of the verdict, defendant filed to this court a motion for a new trial. In his brief, and in oral argument, counsel relies upon the sole ground that the finding of the jury is against the evidence.

There was room in the plaintiff's evidence, standing by itself, for the jury to find his cause of action sufficiently established to justify a verdict in his favor. Such evidence was, to be sure, rebuttable. The defendant introduced evidence tending to show that the plaintiff, as administrator, was in arrears to the estate, and that of the $1500, (conceding it, for argument's sake, traced to defendant's hands, under circumstances indicative of a lending,) he, as attorney for the then administrator, applied all but $274.63 toward the discharging of his client's arrearage.

Other testimony was introduced to establish that the defendant, having, as attorney, funds of the intestate's estate, improperly used such funds for his own private benefit, and that, on the probate court in Cumberland county calling the administrator to a just accounting, defendant agreed with attorneys representing

decedent's kindred to pay, and did pay, for the use he himself had had, and as well for that by the plaintiff too, of the estate moneys, the sum of $2500. For one-half of such amount, less the $274.63 mentioned before, defendant sought to recover, under the set-off, as on an implied contract.

Neither in any exception to evidence offered and excluded, nor in any exception to refusals to instruct the jury, suffice it to say, is there merit. With respect to the refusals to send the case to an auditor, there is no suggestion of any abuse of judicial discretion. It is manifest, as was outlined in the commendably clear instructions of the judge to the jury, that, in that forum, no especial examination of accounts or investigation of vouchers was requisite.

The motion for a new trial also merits little space. The questions presented were those peculiarly and eminently the province of the jury to decide. They were simple issues of fact. The jury appears to have investigated those issues without prejudice or sympathy, solely with a view of arriving at the truth, and to have returned a verdict which settles the controversy.

*Exceptions overruled.*
*Motion overruled.*